## KELLY v. GULF OIL CORPORATION.
### No. 20034.

District Court, E. D. Pennsylvania.
Aug. 9, 1938.

Abraham E. Freedman, of Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, and John B. Shaw, all of Philadelphia, Pa., for defendant.

MARIS, Circuit Judge.

The plaintiff brought the present suit at law under the Jones Act, 46 U.S.C.A. § 688, to recover for certain personal injuries alleged to have been sustained by him while a seaman on board the defendant's vessel Gulfoil. He also sued for maintenance and cure, but the latter cause of action was withdrawn before trial.

The evidence produced by the plaintiff tended to show that on February 13, 1937, the Gulfoil was preparing to leave Port Arthur, Texas, for Philadelphia, and while the gangway was being hauled aboard one end of it became fouled beneath a tank top and valve and the plaintiff was ordered to extricate it alone. As a result of the effort which he used to free the gangway he sustained a severe strain. He was subsequently found to be suffering from a hernia for which he was operated on at the United States Marine Hospital in Baltimore. This operation was delayed, however, because of a heart condition from which he was then found to be suffering. The heart condition continued and he was still under treatment for it at the time of trial.

The plaintiff contended that both the hernia and the heart condition were caused by the strain which he suffered when he lifted the gangway and that since this was a task which should have been performed by at least two seamen the defendant was negligent in directing him to perform it alone. The evidence produced by the defendant indicated that no such incident occurred as plaintiff described and that both his hernia and heart condition were attributable to natural causes unconnected with the lifting of the gangway. The case was submitted to a jury which rendered a verdict in favor of the plaintiff in the sum of $500. The plaintiff now moves for a new trial.

His first reason is that the verdict was inadequate. With this I cannot agree. The evidence fully warranted the jury in believing, as they evidently did, that the plaintiff's condition, while arising from natural causes, had been somewhat aggravated by the work he was compelled to perform on the Gulfoil. It was peculiarly within their province to determine the extent of this aggravation and the sum which would reasonably compensate him for it. This sum they fixed at $500, a substantial amount. I am satisfied that such a view of the case was fully justified and that upon this theory the verdict rendered was not inadequate.

It appears that the plaintiff had suffered for many years from fistulas and that he had an operation for a fistula during the period here in question. He now complains that I excluded all the testimony with regard to the fistula. This testimony, however, was clearly irrelevant and it was so conceded by his counsel at the trial, who formally withdrew his offer of it. Under these circumstances my action in striking from the record the testimony and remarks with regard to the fistula cannot form the basis for a new trial.

Finally the plaintiff avers, although without any supporting affidavits or depositions, that one of defendant's medical witnesses, Dr. William D. Stroud, was at the time of the trial attending the wife of one of the jurors. It is not contended that any improper suggestions were made by the witness to the juror or that the juror was dishonest or prejudiced. It is merely urged

that his judgment as to the credibility of Dr. Stroud's testimony must have been affected by the fact that the latter was attending his wife in a professional capacity.

I can see no merit in this contention, however, particularly in view of the fact that this juror joined with the others in rendering a verdict in favor of the plaintiff. I know of no rule which disqualifies a juror because of acquaintance, or even professional relationship, with a witness for one of the parties. Indeed it might well be urged that on the contrary such knowledge would assist a juror in appraising the credibility of the witness.

Furthermore in this case the acquaintanceship was discovered by plaintiff's counsel before the termination of the trial. If he thought it objectionable it was his duty then to move for the withdrawal of a juror. Instead he elected to proceed with the case and acquiesced in its submission to a jury which included the juror in question. Under these circumstances I am clear that he has no standing now to ask for a new trial on this ground.

The motion for a new trial is refused.